UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| DERRICK SELLERS | * | CIVIL ACTION NO._____ |
| | * | |
| | * | |
| VERSUS | * | JUDGE_____ |
| | * | |
| | * | |
| LOUIS ACKAL, individually and in his | * | MAGISTRATE JUDGE_____ |
| official capacity as Sheriff of Iberia Parish; | * | |
| WESLEY HAYES, individually and in his | * | |
| official capacity as Warden of the | * | |
| Iberia Parish Sherriff's Jail; JOHN DOE 1, | * | |
| JOHN  DOE 2, JOHN DOE 3, | * | |
| JOHN DOE 4, JOHN DOE 5, and JANE | * | |
| JACKSON individually and in their official | * | |
| capacities as officials of the Iberia | * | |
| Parish Sherriff | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR DAMAGES**

**TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF THE GREAT STATE OF LOUISIANA, LAFAYETTE-OPELOUSAS DIVISION:**

NOW INTO COURT, through undersigned counsel, comes DERRICK SELLERS, a resident of the Parish of Vermillion, State of Louisiana, and who brings this Complaint as follows:

1

## **INTRODUCTION**

I.

This is an action for Constitutional violations and state law personal injuries suffered by Plaintiff while in the custody of the Iberia Parish Sheriff. Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Plaintiff of his federally-protected right to be free from unreasonable force. U.S. CONST. amendment XIV.

II.

DERRICK SELLERS was in the custody of the Iberia Parish Sheriff on September 24, 2013 and September 25, 2013, when he was viciously beaten by employees and representatives of the Iberia Parish Sheriff, crushing his face and causing multiple injuries to his head as well as his back, restricting his mobility.

III.

As a direct result of the policies, practices, customs and procedures of the Iberia Parish Sheriff, DERRICK SELLERS was intentionally deprived of his constitutional right to be free from unreasonable force guaranteed to him by the Fourteenth Amendment to the United States Constitution. Defendants JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5, officers acting in the course and scope of their employment with the Iberia Parish Sheriff, and under the supervision of Sheriff Louis Ackal and Warden Wesley Hayes, and acting under color of state law, unjustifiably beat and stomped the head of DERRICK SELLERS under conditions where no other reasonable officer would have done so, while officer Jane Jackson stood idly by.

## JURISDICTION AND VENUE

IV.

This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). The plaintiff further invokes the jurisdiction of this Honorable Court under 28 U.S.C. § 1367 to adjudicate supplemental claims arising under the Laws of the State of Louisiana including but not limited to Article 2315, *et seq*, of the Louisiana Civil Code.

V.

Venue lies in the Western District of Louisiana, Lafayette-Opelousas Division, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

VI.

Plaintiff Derrick Sellers is a person of the legal age of majority and a resident of the Parish of Vermillion, State of Louisiana.

VII.

Made defendants herein are the following:

1) LOUIS ACKAL, individually and in his officially capacity as the Sheriff of the Parish of Iberia and the public employer of the defendants listed below, who can be served at his place of employment, 300 S. Iberia Street, #120, New Iberia, Louisiana;

2) WESLEY HAYES, individually and in his official capacity as the Warden at the Iberia Parish Jail, who can be served at his place of employment, 3618 Broken Arrow Road, New Iberia, Louisiana 75060;

3) JOHN DOE Number 1, an unknown male, individually and in his official capacity as an employee of the Iberia Parish Sheriff, whose actions are set forth below;

4) JOHN DOE Number 2, an unknown male, individually and in his official capacity as an employee of the Iberia Parish Sheriff, whose actions are set forth below;

5) JOHN DOE Number 3, an unknown male, individually and in his official capacity as an employee of the Iberia Parish Sheriff, whose actions are set forth below;

6) JOHN DOE Number 4, an unknown male, individually and in his official capacity as an employee of the Iberia Parish Sheriff, whose actions are set forth below;

7) JOHN DOE Number 5, an unknown male, individually and in his official capacity as an employee of the Iberia Parish Sheriff, whose actions are set forth below;

8) JANE JACKSON, an unknown female employee of the Iberia Parish Sheriff whose first name is unknown but whose last name, upon information and belief, is JACKSON and who is sued herein individually and in her official capacity as an employee of the Iberia Parish Sheriff.

VIII.

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

**FACTS**

IX.

On September 24, 2013 plaintiff DERRICK SELLERS was in the custody of the Iberia Parish Sheriff and was housed at the Sheriff's Jail in Iberia Parish, Louisiana.

X.

On the evening of September 24, 2013, one of the inmates in the jail spoke through the intercom to defendant JANE JACKSON, a female guard on duty whose first name is unknown but whose last name is Jackson.

XI.

JACKSON became angry and escorted all inmates present, including plaintiff DERRICK SELLERS, to Visiting Room C, and then further instructed the inmates, including plaintiff DERRICK SELLERS, to place their hands behind their backs and stand with their noses against the wall for an unknown amount of time.

XII.

After approximately one and one-half hours, DERRICK SELLERS' back pain from a previous injury became unbearable causing him to lie down on the floor.

XIII.

JACKSON returned to find DERRICK SELLERS on the floor, and instructed him to "stand the f*** up."

XIV.

Despite his pain, DERRICK SELLERS stood up and attempted to comply with JACKSON'S instructions.

XV.

Nevertheless, JACKSON left and soon returned with 5 other, unknown guards, namely JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5, all of whom

were in uniform and one of whom was a lieutenant, who informed DERRICK SELLERS that they would be escorting him to solitary confinement.

XVI.

While being escorted down the hall, DERRICK SELLERS was neither handcuffed nor shackled.

XVII.

While being escorted down the hall, the JOHN DOE guard who was a lieutenant engaged DERRICK SELLERS in a colloquy, informing him of why he was being conducted to solitary confinement.  DERRICK SELLERS attempted to explain to the guards why he was physically unable to comply with Jackson's request, at which point one of the unknown JOHN DOE guards slammed DERRICK SELLERS against the wall.

XVIII.

Then, one of the unknown JOHN DOE guards, upon information and belief a lieutenant, sprayed mace into the face of DERRICK SELLERS, who immediately fell to the floor at the feet of that guard.

XIX.

The mace wielding guard then placed DERRICK SELLERS in a headlock, effectively subduing him.

XX.

While a JOHN DOE guard had DERRICK SELLERS in a headlock, another of the JOHN DOE guards struck DERRICK SELLERS in the head with a black metal object, which caused a wound on the head of DERRICK SELLERS, which began gushing blood.

XXI.

One of the JOHN DOE guards slipped on the blood of DERRICK SELLERS, causing the guard to fall to the ground.

XXII.

DERRICK SELLERS pleaded with the falling guard to call off the other guards since DERRICK SELLERS was not fighting or resisting.

XXIII.

While DERRICK SELLERS was still on the ground, one of the unknown JOHN DOE guards kneed DERRICK SELLERS in the face, causing an immediate breaking of bones in the face of DERRICK SELLERS.

XXIV.

Then, while DERRICK SELLERS was on the ground one of the unknown JOHN DOE guards placed DERRICK SELLERS' hands behind his back.

XXV.

Once DERRICK SELLERS' hands were behind his back, and while he was still on the ground, one of the unknown JOHN DOE guards stomps the freshly broken face of DERRICK SELLERS into the floor.

XXVI.

Despite DERRICK SELLERS screaming in pain that his face was broken, the unknown JOHN DOE guard refused to remove his boot from the broken face of DERRICK SELLERS.

XXVII.

Immediately following the attack, and while DERRICK SELLERS was still on the floor, JACKSON yelled, "I don't care who you are, Marine Corps, Army, Navy, nobody wins against the police."

XXVIII.

DERRICK SELLERS was transported to Iberia Medical Center by deputies of the Iberia Parish Sheriff, where multiple tests were performed, including an MRI, X-ray of the face, and CAT-scan and where DERRICK SELLERS was prescribed medication including antibiotics and pain medication due to the broken bones in his face.

XXIX.

DERRICK SELLERS was subsequently transported back to the Iberia Parish Jail.

XXX.

Despite having the prescriptions and the prescription medications from the hospital, jail officials refused to administer the medications to DERRICK SELLERS.

XXXI.

Despite having significant medical injuries, plaintiff DERRICK SELLERS was placed alone in a two-man cell, believed to be the only cell without an operable telephone, where his mobility was limited to crawling on his hands and knees on the floor and where his only meals were liquid.

XXXII.

At all times material hereto, LOUIS ACKAL was the Sheriff of Iberia Parish.

XXXIII.

At all times material hereto, WESLEY HAYES was the Warden of the Iberia Parish Jail.

XXXIV.

At all times material hereto, unknown guards JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5 and the on-duty warden JANE JACKSON were acting in the course and scope of their employment with the Sheriff of the Parish of Iberia and were acting

under color of law, while employed, controlled, and supervised by LOUIS ACKAL, in his capacity as the Sheriff for the Parish of Iberia and WESLEY HAYES, in his capacity as the Warden of the Iberia Parish Jail.

XXXV.

The actions of the defendants violated the clearly established and well-settled federal and state constitutional rights of DERRICK SELLERS to be free from the use of excessive and unreasonably justified force against his person.

**COUNT ONE: 42 U.S.C. 1983 AGAINST INDIVIDUAL DEFENDANT**

XXXVI.

Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

XXXVII.

Plaintiff, DERRICK SELLERS, claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against the defendants JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5 in their individual capacities and in their official capacity as duly commissioned law enforcement officers for the Parish of Iberia, for violation of his constitutional rights by applying force so unnecessary and excessive that it shocks the conscience.

XXXVIII.

Plaintiff, DERRICK SELLERS, claims damages for the injuries set forth below under 42 U.S.C. § 1983 against the defendant JANE JACKSON, in her individual capacity and in her capacity as an officer of the Sheriff of Iberia Parish, for her failure to intervene and stop the attack by her fellow officers upon DERRICK SELLERS despite having the opportunity to do so.

## COUNT TWO: ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANT

XXXIX.

Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

XL.

Defendants, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5 assaulted and battered DERRICK SELLERS.

XLI.

As a result of the assault and battery, plaintiff, DERRICK SELLERS suffered damages described herein.

XLII.

At all times material and present, defendants JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5 were acting within the course and scope of their employment with LOUIS ACKAL, in his capacity as the Sheriff for the Parish of Iberia, and WESLEY HAYES, in his capacity as warden of the Iberia Parish Jail, and therefore, LOUIS ACKAL and WESLEY HAYES are vicariously liable pursuant to Louisiana law for the assault and battery, committed by their employees, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5.

## COUNT THREE: 42 U.S.C. §1983 AGAINST LOUIS ACKAL, IN HIS OFFICIAL CAPACITY AS SHERIFF FOR THE PARISH OF IBERIA AND WESLEY HAYES, IN HIS OFFICIAL CAPACITY AS WARDEN OF THE IBERIA PARISH JAIL

XLIII.

Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

XLIV.

Prior to September 24, 2013, the LOUIS ACKAL and/or WESLEY HAYES developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the people within their care and/or custody, specifically the use of excessive and/or unjustified force, which caused the violation of DERRICK SELLERS' rights herein described.

XLV.

It was the policy and/or custom of LOUIS ACKAL and/or WESLEY HAYES to inadequately and improperly investigate complaints of misconduct and the acts of misconduct which were instead tolerated by the Iberia Parish Sheriff's Department and/or the Iberia Parish Jail.

XLVI.

It was the policy or custom of LOUIS ACKAL and/or WESLEY HAYES to inadequately supervise and/or train its officers, including JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and JANE JACKSON, thereby failing to adequately discourage further constitutional violations on the part of their officers.

XLVII.

As a result of the above described policies and/or customs, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and JANE JACKSON, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

XLVIII.

The above described policies and customs demonstrate a deliberate indifference on the part of LOUIS ACKAL and/or WESLEY HAYES to the constitutional rights of persons within the Parish of Iberia and were the cause of the violations of plaintiff's rights alleged herein.

XLIX.

LOUIS ACKAL and/or WESLEY HAYES, in their official capacities as Sheriff of Iberia Parish and Warden of the Iberia Parish Jail, respectively, demonstrated a deliberate indifference to the serious medical needs of DERRICK SELLERS.

L.

Despite having been prescribed medicine by the Iberia Parish Medical Center, LOUIS ACKAL and/or WESLEY HAYES, in their official capacities as Sheriff of Iberia Parish and Warden of the Iberia Parish Jail, respectively, failed to provide said medication to DERRICK SELLERS.

**COUNT FOUR: NEGLIGENT HIRING BY LOUIS ACKAL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF FOR THE PARISH OF IBERIA AND WESLEY HAYES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF THE IBERIA PARISH JAIL**

LI.

Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

LII.

LOUIS ACKAL and/or WESLEY HAYES, in their official capacities as Sheriff of Iberia Parish and Warden of the Iberia Parish Jail, individually and officially, acted in violation of

Louisiana Civil Code Article 2315 and 2316 by negligently hiring, training, supervision and disciplining of defendants JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and JANE JACKSON.

## DAMAGES

LIII.

As a direct and proximate result of the said incidents by the defendants, DERRICK SELLERS suffered the following injuries and damages:

a. Violation of his civil rights under 42 U.S.C. §1983;

b. Physical pain and suffering, past, present, and future;

c. Physical disfigurement and injuries, past, present, and future;

d. Mental anguish, and emotional pain and suffering, past, present, and future;

e. Impairment of reputation;

f. Loss of faith in and fear of police;

g. Medical bills and expenses as a result of the incident described above;

h. Loss of enjoyment of life;

i. Loss of income, past present and future;

j. Cost of moving out of student housing.

LIV.

As a result of their unlawful and unconstitutional conduct, defendants, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5, and JANE JACKSON in their individual capacity, and in their official capacity as duly commissioned law enforcement officers for the Parish of Iberia; and WESLEY HAYES, in his capacity as the Warden of the Iberia Parish Jail, and LOUIS ACKAL, in his capacity as the Sheriff for the Parish of Iberia, jointly,

individually and in solido, deprived plaintiff of his civil rights under 42 U.S.C. § 1983. Said defendants are liable, individually, jointly and in solido, unto plaintiff for such damages, including past, present and future pain and suffering, past, present and future mental anguish, including those set forth above as well as punitive damages and attorney's fees.

LV.

The malicious actions, lack of actions, breach of duties, negligence and gross negligence of defendants individually and/or together caused humiliation, physical and emotional harm to plaintiff and constitute wrongful and intentional torts under Louisiana Civil Code Articles 2315, 2316, and 2320 and defendants are liable, individually, jointly and in solido, unto plaintiff for damages, including those set forth above as well as punitive damages and attorney's fees.

WHEREFORE, plaintiff, DERRICK SELLERS, prays

1. That a jury trial be had as to the issues triable by jury;
2. That compensatory damages including but not limited to physical pain and suffering, past, present, and future, physical disfigurement and injuries, past, present, and future, mental anguish, and emotional pain and suffering, past, present, and future, impairment of reputation, loss of faith in and fear of police, medical bills and expenses, loss of enjoyment of life, loss of income, past present and future, and the cost of moving out of student housing, to be fixed by a jury against the defendants, individually, jointly and in solido, be awarded;
3. That punitive damages to be fixed by a jury against the defendants, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, and JANE JACKSON in

their individual and official capacities, and Wesley Hayes in his official capacity and Louis Ackal in his official capacity be awarded;

4. That all costs of this action be assessed against the defendants, individually, jointly and in solido;

5. That attorney's fees be awarded herein to plaintiff and that such attorney's fees be assessed against the defendants, individually, jointly and in solido;

6. And, for any and all other relief that this Court deems just and proper.

Respectfully submitted,

GATES LAW FIRM, L.L.C.

_____/s/_____
CAS B. MOSS (Louisiana Bar No. 09766)
JUSTIN K. GATES (Louisiana Bar No. 31,171)
Post Office Box 1433
103 West Lafayette Street
Winnfield, Louisiana 71483
Ph: (318) 648-9800
Fax: (318) 648-9805
Email: Keith@keithgateslaw.com
**COUNSEL FOR DERRICK SELLERS**